UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KENNETH TROY NASH JR., AS ADMINISTRATRIX OF
THE ESTATE OF SANDRA WILSON, DECEASED,
KEON LEE NASH, AS ADMINISTRATRIX OF THE
ESTATE OF SANDRA WILSON, DECEASED,

                                Plaintiffs,

                -against-

FINKELSTEIN MEMORIAL LIBRARY, EAST RAMAPO
CENTRAL SCHOOL DISTRICT, and GLAUDIN
BLANCHARD,

                            Defendants.
-----------------------------------------------------------------------X

Civil Case No.: 1:20-cv-9821

**COMPLAINT AND DEMAND FOR JURY TRIAL**

"He would harass her.. she would tell me that one day he asked her to be his girlfriend.."

- Abigail Jean-Marie, former Library Co-Worker of Sandra Wilson, deceased

Plaintiffs, by and through their attorneys, MARK DAVID SHIRIAN, P.C., and RUBENSTEIN & RYNECKI, complaining of the Defendants, respectfully alleges as follows:

1.      Prior to the commencement of this action, and more particularly, on the 9th day of November, 2020, the Plaintiffs Kenneth Troy Nash Jr. and Keon Lee Nash, were duly appointed Administrator of the Estate of Sandra Wilson, deceased, by Order of the Honorable Keith J. Cornell, Surrogate of the County of Rockland, State of New York, has duly qualified as such and is now acting in said capacity.

**PRELIMINARY STATEMENT**

2.      This is a civil action to remedy violations by former employers of Plaintiff's decedent, Sandra Wilson, Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT of Plaintiff's decedent, SANDRA WILSON's civil rights. The defendants subjected Plaintiff's decedent, Sandra Wilson, to gender discrimination and

a sexually hostile work environment and denied her full and equal enjoyment of a place of public accommodation based upon her sex, in violation of 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("Exec. Law" or "NYSHRL").

3.      Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT also acted negligently by failing to protect Wilson from verbal and physical attacks by GLAUDIN BLANCHARD, a customer frequenting its library.

4.      Plaintiffs are also seeking damages for civil assault and battery committed by GLAUDIN BLANCHARD.

5.       Plaintiffs seek compensatory and punitive damages as well as declaratory relief in this action.

## JURISDICTION AND VENUE

6.      This court has original federal question jurisdiction under 28 U.S.C. 1331 and 1343 because this case is brought for gender discrimination and hostile work environment, under Title VII of the Civil Rights Act and other conduct. This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL"), New York Executive Law 290 *et seq.*, and N.Y. Exec. L 296 *et seq.* claims as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over plaintiff's state law claims, including the state law claims involving the joinder of **GLAUDIN BLANCHARD** under 28 U.S.C. § 1337(a), because the state law claims are so related to the federal law claims as to form part of the same case and controversy under Article III of the United States Constitution.

7.     Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. 1391(b), because the claims arose in this judicial district and the defendants are doing business in this District.

## PARTIES

8.     At all times herein mentioned, Plaintiff's decedent, SANDRA WILSON, was, a resident of the State of New York.

9.     At all relevant times, Plaintiff's decedent, SANDRA WILSON met the definitions of an "employee" under all applicable statutes.

10.     Plaintiff worked at FINKELSTEIN MEMORIAL LIBRARY, located at 24 Chestnut Street, Spring Valley, NY 10977, as a security guard.

11.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, GLAUDIN BLANCHARD, (hereinafter GLAUDIN BLANCHARD), was, and still is a resident of the State of New York, County of Rockland and was born in 1994.

12.     At all relevant times, Defendant, GLAUDIN BLANCHARD met the definitions of a "patron" under all applicable statutes.

13.     Defendant Finkelstein Memorial Library is a free public library, founded in 1917, now serving over 100,000 people in the East Ramapo Central School District of Rockland County, New York.

14.     Defendant, EAST RAMAPO CENTRAL SCHOOL DISTRICT ("EAST RAMAPO CENTRAL SCHOOL DISTRICT"), was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York, and is located at 105 South

3

Madison Avenue, Spring Valley, New York. East Ramapo is a duly organized and authorized urban/suburban school district located in Rockland County, New York serving more than 37,000 students from 37 countries and various socio-economic backgrounds.

15.     Defendants Finkelstein Memorial Library and East Ramapo were both joint employers of Sandra Wilson, deceased.

16.     At all times relevant to this Complaint, Defendants Finkelstein Memorial Library jointly employed Plaintiff's decedent, Sandra Wilson, with East Ramapo and is an employer as that term is defined by Title VII and N.Y. Exec. Law § 292(5).

17.     At all times relevant to this Complaint, Defendants Finkelstein Memorial Library and East Ramapo owned and operated a library and establishment dealing with goods and services, located at 750 White Plains Road, Scarsdale, New York (the "store" or the "Scarsdale store"), which is a public accommodation as that term is defined by N.Y. Exec. Law § 292(5).

18.     At all times relevant to this Complaint, Glaudin was a customer of the corporate defendants.

## PROCEDURAL BACKGROUND

19.     On or about July 23, 2020, Plaintiffs filed a complaint against defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, with the Equal Employment Opportunity Commission ("EEOC") and assigned EEOC Charge Nos. 520-2020-04607 and 520-2020-05211.

20.     On or about August 24, 2020, and September 8, 2020, the EEOC issued a "Notice of Right to Sue" to Plaintiffs advising them of their right to file an action against defendant within 90 days of their receipt of the notice.

21.     This lawsuit has been timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

22.     Any and all other prerequisites to the filing of this suit have been met.

## **FACTUAL SUMMARY**

23.     The acts of discrimination forming the basis of this complaint began prior to February 2020. Plaintiff's decedent, Sandra Wilson was the victim of uninitiated, unprovoked, harassing, graphic, physical and sexual comments from a male patron and customer of the Library.

24.     On or about February 18, 2020, Plaintiff's decedent, Sandra Wilson was killed by GLAUDIN BLANCHARD, a patron of the library, because of the hostile work environment she endured.

25.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, FINKELSTEIN MEMORIAL LIBRARY, owned a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

26.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, FINKELSTEIN MEMORIAL LIBRARY, maintained a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

27.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, FINKELSTEIN MEMORIAL LIBRARY, managed a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

28.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, FINKELSTEIN MEMORIAL LIBRARY, controlled a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

29.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, FINKELSTEIN MEMORIAL LIBRARY, supervised a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

30.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, EAST RAMAPO CENTRAL SCHOOL DISTRICT, owned a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

31.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, EAST RAMAPO CENTRAL SCHOOL DISTRICT, maintained a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

32.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, EAST RAMAPO CENTRAL SCHOOL DISTRICT, managed a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

33.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, EAST RAMAPO CENTRAL SCHOOL DISTRICT, controlled a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

34.     That, upon information and belief, at all times hereinafter mentioned, the Defendant, EAST RAMAPO CENTRAL SCHOOL DISTRICT, supervised a library serving patrons located at 24 Chestnut Street, Spring Valley, NY 10977.

35.     That at all times herein mentioned, Defendant was plaintiff's joint employer and employs in excess of 50 employees.

36.     At all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

37.     At all relevant times, Defendants EAST RAMAPO CENTRAL SCHOOL DISTRICT  and have met the definition of a "joint employer" under all applicable statutes.

38.     That upon information and belief, and at all times hereinafter mentioned, Plaintiff's decedent, SANDRA WILSON**,** was an employee of defendants FINKELSTEIN MEMORIAL LIBRARY,  EAST RAMAPO CENTRAL SCHOOL DISTRICT**,** as a security guard of the premises.

39.     That upon information and belief, and at all times hereinafter mentioned, Plaintiff's decedent, SANDRA WILSON was hired by defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, as a security guard of the premises in or around 2011.

40.     That upon information and belief, and at all times hereinafter mentioned, Plaintiff's decedent, SANDRA WILSON**,** was supervised by defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, as a security guard of the premises.

41.     That upon information and belief, and at all times hereinafter mentioned, Plaintiff's decedent, **SANDRA WILSON,** was paid a salary by defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, as a security guard of the premises.

42.     The cause of action herein alleged arose in the County of Rockland, and State of New York.

43.     That upon information and belief, and at all times hereinafter mentioned, defendant, GLAUDIN BLANCHARD, was a patron of defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT.

44.     That upon information and belief, and at all times hereinafter mentioned, defendant, GLAUDIN BLANCHARD, was a patron on the premises owned by FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT.

45.     That upon information and belief, and at all times hereinafter mentioned, defendant, GLAUDIN BLANCHARD, was supervised by defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, as a patron of the premises.

46.     That at all times relevant herein, Defendant EAST RAMAPO CENTRAL SCHOOL DISTRICT was the beneficial owner, and pursuant to agreement, had and enjoyed all of the beneficial and equitable interests in the premises.

47.     That at all times relevant herein, Defendant EAST RAMAPO CENTRAL SCHOOL DISTRICT was the managing agent of the aforesaid premises.

48.     That at all times hereinafter mentioned, Defendant EAST RAMAPO CENTRAL SCHOOL DISTRICT maintained the premises known as 24 Chestnut Street, Spring Valley, NY 10977.

49.     That at all times hereinafter mentioned, Defendant, EAST RAMAPO CENTRAL SCHOOL DISTRICT, controlled the premises known as 24 Chestnut Street, Spring Valley, NY 10977.

50.     That at all times hereinafter mentioned, defendant EAST RAMAPO CENTRAL SCHOOL DISTRICT its agents, servants and/or employees managed the aforesaid premises.

51.     That at all times hereinafter mentioned, defendant EAST RAMAPO CENTRAL SCHOOL DISTRICT, its agents, servants and/or employees maintained the aforesaid premises.

52.     That at all times hereinafter mentioned, defendant EAST RAMAPO CENTRAL SCHOOL DISTRICT, its agents, servants and/or employees controlled the aforesaid premises.

53.     Defendant GLAUDIN BLANCHARD harassed Plaintiff's decedent, SANDRA WILSON on the premises.

54.     That defendant GLAUDIN BLANCHARD stalked, harassed, aggravated, menaced, endangered, intimidated and threatened Plaintiff's decedent, SANDRA WILSON, at the premises while he was a patron.

55.     That defendant GLAUDIN BLANCHARD stalked, harassed, aggravated, menaced, endangered, assaulted, intimidated and threatened Plaintiff's decedent, SANDRA WILSON, and other employees, at the premises while he was a patron.

56.    That defendant GLAUDIN BLANCHARD stalked, harassed, aggravated, menaced, assaulted, endangered, intimidated and threatened Plaintiff's decedent, SANDRA WILSON, at the premises while he was a patron.

57.    That defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, intentionally and deliberately encouraged and supported defendant GLAUDIN BLANCHARD's stalking, harassment, aggravation, menacing, endangerment, intimidation and threats against Plaintiff's decedent, SANDRA WILSON, at the premises.

58.    That defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, had actual and constructive knowledge of defendant GLAUDIN BLANCHARD's escalating bad behavior toward Plaintiff's decedent, SANDRA WILSON, which made it foreseeable that a violent attack would occur, as against Plaintiff's decedent, SANDRA WILSON.

59.    That despite defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT,'s actual and constructive knowledge of defendant GLAUDIN BLANCHARD's escalating bad behavior toward Plaintiff's decedent, SANDRA WILSON, defendants took no action to diffuse the situation, or otherwise correct and/or modify defendant GLAUDIN BLANCHARD's behavior, toward Plaintiff's decedent, SANDRA WILSON.

60.    That on or about February 18, 2020, Defendant GLAUDIN BLANCHARD physically assaulted, battered and murdered Plaintiff's decedent, SANDRA WILSON in the

premises operated by Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT.

61.     That upon information and belief, security guards employed by Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT had the duty to protect Plaintiff from being sexually harassed, battered, and assaulted.

62.     On February 18, 2020, Sandra Wilson, deceased, was working at the Finkelstein Library at the premises located at 24 Chestnut Street, Spring Valley, New York.

63.     Defendant GLAUDIN BLANCHARD, who was released without bail in December 2019 from jail on an attempted rape count when prosecutors neither indicted him nor asked for a preliminary hearing to hold him on bail.

64.     Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT were aware or should have been aware of the criminal and sexual propensities of patron GLAUDIN BLANCHARD at all relevant times hereto.

65.     Prior to February 18, 2020, Sandra Wilson had prior unpleasant interactions with GLAUDIN BLANCHARD.

66.     Specifically, GLAUDIN BLANCHARD, sexually harassed Sandra Wilson on the premises of the Finkelstein Memorial Library while he was a patron and created a hostile work environment for Sandra Wilson previously.

67.     Specifically, GLAUDIN BLANCHARD asked Sandra Wilson out on dates and asked her to be his girlfriend on multiple occasions prior to February 18, 2020.  Upon information

and belief, Sandra Wilson repeatedly declined GLAUDIN BLANCHARD's advances to become romantic with him.

68.     Upon information and belief, Sandra Wilson complained to her coworkers and supervisors about the sexual harassment and hostile work environment she endured by patron, GLAUDIN BLANCHARD prior to February 18, 2020.

69.     However, Defendants East Ramapo and Finkelstein Library failed to take any remedial actions to prevent patron GLAUDIN BLANCHARD from sexually harassing Sandra Wilson after they were made aware or should have been made aware of his behavior and criminal and sexual propensities.

70.     Upon information and belief, the directors of the Finkelstein Library, as well as and Sandra Wilson's supervisors and coworkers were aware of the sexual harassment and hostile work environment Sandra Wilson was forced to endure because of GLAUDIN BLANCHARD.

71.     However, Defendants East Ramapo and Finkelstein Memorial Library failed to take any precautions to protect Sandra Wilson and to ensure that she worked in a safe environment free of any sexual harassment by a patron, specifically, GLAUDIN BLANCHARD.

72.     On or about February 18, 2020, GLAUDIN BLANCHARD, a patron of the Finkelstein Library, entered the library, without any problem.

73.     Defendant, GLAUDIN BLANCHARD started to play loud music in the Finkelstein Library.

74.     Sandra Wilson witnessed and heard the loud music and politely asked GLAUDIN BLANCHARD to lower the music.

75.     GLAUDIN BLANCHARD became hostile, likely because of Sandra Wilson's prior refusal to engage in a romantic relationship with him. As a result, GLAUDIN BLANCHARD stabbed Sandra Wilson repeatedly and killed her.

76.     As a result of the above, GLAUDIN BLANCHARD has been charged with second-degree murder in the stabbing death of Finkelstein Memorial Library security officer Sandra Wilson.

77.     At all times relevant to this action, Plaintiff's decedent, Sandra Wilson exclusively utilized Finkelstein Library equipment. Finkelstein Library also maintained records of hours and directly supervised Plaintiff's decedent, Sandra Wilson on a daily basis.

78.     At all times relevant to this action, Plaintiff's decedent, Sandra Wilson exclusively utilized East Ramapo equipment. East Ramapo also maintained records of hours and directly supervised Plaintiff's decedent, Sandra Wilson on a daily basis.

79.     In the course of performing the duties of her position, Sandra Wilson was forced to endure a sexually hostile work environment by a male patron of the library, which was severe and pervasive and altered her working conditions.

80.     Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT discriminated against Sandra  Wilson by negligently and intentionally making the working conditions hostile by allowing a male patron to make sexually explicit comments to female workers, including Sandra Wilson. As such, the working conditions Plaintiff's decedent, Sandra Wilson endured were hostile and intolerable.

81.     As a result of the assault and battery, Plaintiff's decedent, SANDRA WILSON suffered serious injuries and tragically died.

82.     That Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, had the ability or reasonable opportunity to control the aggressor and that the harm complained of was foreseeable.

83.     That the Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, had actual knowledge of Defendant, GLAUDIN BLANCHARD's criminal history and propensity for violence and harassment against other employees.

84.     That the Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, had actual knowledge of Defendant, GLAUDIN BLANCHARD's propensity for violence and harassment against Plaintiff, but desired to bring about the consequences of the act with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue against Plaintiff.

85.     Upon information and belief, the Defendants had actual knowledge of Defendant GLAUDIN BLANCHARD's criminal activity with third parties in the premises.

86.     That at all times hereinafter mentioned, it was the duty of defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, its agents, servants and/or employees to provide for the safety, protection and well-being of persons who were lawfully present upon said premises.

87.     Plaintiff's decedent, SANDRA WILSON  was killed and could no longer continue her employment with defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT, because of the sexual assault and battery she sustained by patron Defendant GLAUDIN BLANCHARD.

88.     Following defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's notice of the sexual harassment by a male patron, Finkelstein Library and East Ramapo, tolerated a hostile work environment perpetrated by patrons of the library and engaged in discriminatory conduct by not taking any action.

89.     Finkelstein Library and East Ramapo failed to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known.

90.     Finkelstein Library and East Ramapo failed to respond properly to the inappropriate conduct of  GLAUDIN BLANCHARD, prior to February 18, 2020. The conduct of GLAUDIN BLANCHARD on February 18, 2020 and prior were more than a mere offensive utterance.

91.     GLAUDIN BLANCHARD physically threatened, humiliated and eventually murdered Plaintiff's decedent, Sandra Wilson, which unreasonably interfered with Plaintiff's decedent, Sandra Wilson's ability to perform her duties as a security guard. Finkelstein Library and East Ramapo failed to remedy or prevent a hostile or offensive work environment of which management-level employees knew, or in the exercise of reasonable care should have known.

**AS AND FOR A FIRST CLAIM OF RELIEF**
**VIOLATION OF TITLE VII - HOSTILE WORK ENVIRONMENT**
**(Against Defendants FINKELSTEIN MEMORIAL LIBRARY, and**
**EAST RAMAPO CENTRAL SCHOOL DISTRICT)**

92.     Plaintiffs hereby repeat and reallege each of the preceding allegations as if fully set forth herein.

93.     Plaintiff's decedent, Wilson was at all times relevant to this complaint an employee of defendant within the meaning of Title VII.

94.     The defendants violated Title VII by subjecting Wilson to a sexually hostile working environment. Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT knew that the customer, BLANCHARD, was physically and verbally harassing Wilson because of her sex, yet failed to use reasonable care to protect her by banning BLANCHARD from the Finkelstein Memorial Library.

95.     Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT failed to provide a reasonable complaint procedure regarding BLANCHARD's sexually-based harassment of Wilson. Both FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's management repeatedly ignored and failed to investigate Wilson's complaints about BLANCHARD's harassment.

96.     Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT ratified or condoned the unlawful sexual harassment of Wilson by refusing to ban BLANCHARD from the library or otherwise protect plaintiff from her verbal and physical abuse by means other than sexually segregating plaintiff.

97.     As a direct and proximate result of FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's discriminatory conduct in violation of Title VII, Wilson has sustained economic losses and suffered severe mental anguish and emotional distress, emotional and physical pain and suffering and death.

98.     FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's unlawful discriminatory actions were committed with malice or with reckless indifference to Wilson's federally protected rights.

## AS AND FOR A SECOND CLAIM OF RELIEF
## VIOLATION OF NYSHRL – SEXUALLY HOSTILE
## ENVIRONMENT
## (Against Defendants FINKELSTEIN MEMORIAL
## LIBRARY, and EAST RAMAPO CENTRAL SCHOOL
## DISTRICT)

101.     Plaintiffs hereby repeat and reallege each of the preceding allegations as if fully set forth herein.

102.     The defendants violated the NYSHRL by subjecting Wilson to a sexually hostile working environment. Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT knew that the customer, BLANCHARD, was physically and verbally harassing Wilson because of her sex, yet failed to use reasonable care to protect her by banning BLANCHARD from the Finkelstein library or transferring Plaintiff to another library.

103.     Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT failed to provide a reasonable complaint procedure regarding BLANCHARD's sexually-based harassment of Wilson.

104.     Both FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL

SCHOOL DISTRICT's management repeatedly ignored and failed to investigate Plaintiff's

complaints about BLANCHARD's harassment.

105.     FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL

SCHOOL DISTRICT ratified or condoned the unlawful sexual harassment of Wilson by refusing

to ban BLANCHARD from the library or otherwise protect plaintiff from her actual and

threatened verbal and physical abuse.

106.     As a direct and proximate result of FINKELSTEIN MEMORIAL LIBRARY, and

EAST RAMAPO CENTRAL SCHOOL DISTRICT's unlawful and discriminatory conduct in

violation of New York State Human Rights Law, Wilson has sustained economic losses and

suffered severe mental anguish and emotional distress, and emotional and physical pain and

suffering and death.

**AS AND FOR A THIRD CLAIM OF RELIEF**
**VIOLATION OF NYSHRL – PUBLIC**
**ACCOMODATION**
**(Against Defendants FINKELSTEIN MEMORIAL**
**LIBRARY, and EAST RAMAPO CENTRAL SCHOOL**
**DISTRICT)**

107.     Plaintiffs hereby repeat and reallege each of the preceding allegations as if fully

set forth herein.

108.     By requiring Wilson to work at library to appease a sexist patron, FINKELSTEIN

MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT denied

Wilson access to the library premises, as well as to its benefits, services and use because of her

sex.

109.     Plaintiff has suffered and continues to suffer irreparable mental and physical injury as a result of defendants' denial of her rights to the accommodations, advantages, facilities, and privileges of the Finkelstein library.

**AS AND FOR A FOURTH CLAIM OF RELIEF
FOR NEGLIGENCE
(As Against Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO
CENTRAL SCHOOL DISTRICT)**

110.     Plaintiff's decedent, SANDRA WILSON repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

111.     That it was the duty of defendants to use ordinary care to protect employees, including Plaintiff, in the premises from its patron, including but not limited to, defendant GLAUDIN BLANCHARD.

112.     That defendants, by their servants, agents, and/or employees breached their duty to Plaintiff, in permitting Plaintiff to be stalked, harassed, aggravated, menaced, endangered, intimidated, threatened and violently attacked by GLAUDIN BLANCHARD**,** at the premises.

113.     That defendants by their servants, agents, and/or employees had actual and constructive notice of the offensive conduct and violent propensities of patron, GLAUDIN BLANCHARD, in causing Plaintiff's injuries.

114.     That defendants, by their servants, agents, and/or employees, received prior complaints from Plaintiff, and employees at the premises regarding the violent propensities and offensive conduct of defendant GLAUDIN BLANCHARD**.**

115.     That it was foreseeable to defendants that a violent attack would occur, and physical harm would come to Plaintiff, by defendants' security guard GLAUDIN BLANCHARD based on

defendants' actual and constructive knowledge of GLAUDIN BLANCHARD's escalating bad behavior toward Plaintiff.

116.    That the foregoing occurrence was caused solely and wholly as a result of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the Plaintiff contributing thereto.

117.    That as a result of the foregoing, Plaintiff's decedent, SANDRA WILSON sustained severe and permanent personal injuries and loss of life.

118.    That by reason of the foregoing, the Plaintiff was severely injured and damaged, rendered sick, sore, lame, and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional and death.

119.    As a direct and proximate result of the aforementioned occurrence, Plaintiff have sustained in the past, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation and death.

120.    As a direct and proximate result of the aforementioned occurrence, Plaintiff has incurred medical expenses and other economic damages, and continue to be in physical pain and will now be obligated to expend sums of money for medical care and attention in an effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation. The Plaintiff are unable, and continue to be unable for some time to come, to pursue their usual activities and employment, all due to their physical, psychological, and emotional injuries and damage.

## AS AND FOR A FIFTH CLAIM OF RELIEF
## FOR BATTERY
## (As Against Defendant GLAUDIN BLANCHARD)

121. Plaintiff repeat and reallege by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

122. On or about February 18, 2020, GLAUDIN intentionally touched and attacked and intentionally tried to kill Plaintiff.

123. GLAUDIN's physical touching of Plaintiff was intentional, unwelcome and offensive.

124. That GLAUDIN BLANCHARD's attack and offensive conduct committed against Plaintiff's decedent, SANDRA WILSON, amounted to a series of harmful and offensive contacts to Plaintiff' person, all of which were done intentionally by GLAUDIN BLANCHARD without Plaintiff's consent.

125. That by reason of the foregoing, the Plaintiff was caused to suffer injury, pain, discomfort, disability, and mental and emotional shock and distress and were damaged thereby.

126. That Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

127. That Plaintiff are entitled to punitive damages as defendants' wrongdoing evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations.

## AS AND FOR A SIXTH CLAIM OF RELIEF
## FOR ASSAULT
### (As Against Defendant GLAUDIN BLANCHARD)

128.     Plaintiff repeat and reallege by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

129.     That GLAUDIN BLANCHARD's sexual attack and offensive conduct committed against Plaintiff's decedent, SANDRA WILSON amounted to a series of events creating a reasonable apprehension in Plaintiff of immediate harmful and offensive contact to Plaintiff' person, all of which were done intentionally by GLAUDIN BLANCHARD without Plaintiff' consent.

130.     That by reason of the foregoing, the Plaintiff was caused to suffer injury, pain, discomfort, disability, and mental and emotional shock and distress and death and was damaged thereby.

## AS AND FOR A SEVENTH CLAIM OF RELIEF
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As Against Defendant GLAUDIN BLANCHARD)

131.     Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

132.     That defendant GLAUDIN BLANCHARD engaged in conduct toward Plaintiff that was extreme and outrageous so as to exceed the bounds of decency in a civilized society, namely, she violently attacked Plaintiff at the premises.

133.     That, by his actions and conduct, GLAUDIN BLANCHARD intended to and did intentionally or recklessly cause Plaintiff's decedent, SANDRA WILSON severe emotional distress.

134.    That by reason of the foregoing, the Plaintiff was caused to suffer injury, pain, discomfort, disability, and mental and emotional shock and distress and were damaged thereby.

135.    That defendant GLAUDIN BLANCHARD's extreme and outrageous conduct was knowing, malicious, willful, and wanton.

136.    That Plaintiff's decedent, SANDRA WILSON have been damaged in an amount which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

137.    That Plaintiff's decedent, SANDRA WILSON is entitled to punitive damages as defendants' wrongdoing evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations.

### AS AND FOR AN EIGHTH CLAIM OF RELIEF
### FOR PRIMA FACIE TORT
### (As Against Defendant GLAUDIN BLANCHARD)

138.    Plaintiff repeats and realleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the same herein as though fully set forth.

139.    That GLAUDIN BLANCHARD intentionally committed the aforementioned against Plaintiff.

140.    Defendant GLAUDIN BLANCHARD intended that the aforementioned actions would cause Plaintiff's decedent, SANDRA WILSON physical and psychological harm and death.

141.    Defendant GLAUDIN BLANCHARD's aforementioned actions committed against Plaintiff have caused and continue to cause Plaintiff physical injuries, pain and suffering, humiliation, emotional distress and death

142.    Defendant GLAUDIN BLANCHARD's conduct was unlawful and not justifiable under all of the circumstances.

143.    That Plaintiff's decedent, SANDRA WILSON is entitled to punitive damages as defendant's wrongdoing evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations.

### AS AND FOR A NINTH CLAIM OF RELIEF
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED— GENDER DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT
### (Against Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT)

144.    Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

145.    Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT have discriminated against Plaintiff by subjecting her to different treatment on the basis of her gender.

146.    Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT discriminated against Plaintiff by treating her differently from and less preferably than similarly-situated male employees and by subjecting her to disparate terms and conditions of employment in violation of Title VII.

147.    Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's differential treatment of Plaintiff is a direct and proximate result of gender discrimination.

148.    Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT have failed to prevent, respond to, adequately investigate, and/or appropriately resolve instances of gender discrimination in the workplace.

149.     By reason of the continuous nature of Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's discriminatory conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the  unlawful acts alleged herein.

150.     As a result of Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's unlawful discrimination, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

151.     Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, compensatory damages, punitive damages, and other appropriate relief. Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

**AS AND FOR A TENTH CLAIM OF RELIEF**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**
**SEXUAL HARASSMENT 42 U.S.C. § 2000(e) *et seq.***
**(Against Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO**
**CENTRAL SCHOOL DISTRICT)**

152.     Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

153.     FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT have discriminated against Plaintiff by creating and maintaining a hostile work environment where an ongoing, severe, or pervasive pattern and practice of sexual harassment persists in violation of Title VII.

154.    Plaintiff was subject to unwelcome sexual harassment based on her sex. She was subject to unwelcome sexual conduct, including sexual comments and sexual advances. She rejected the unwelcome sexual advances.

155.    Plaintiff's reaction to that conduct was used as the basis for decisions affecting the compensation, terms, conditions, or privileges of her employment. Among other things, as a result of Plaintiff's complaints of patrons making sexual advances, facilitated by FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT have, Defendants obstructed Plaintiff's ability to work in an environment free of harassment.

156.    In addition, Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT have knew of the aforesaid patron's' conduct and accepted it and/or failed to take immediate and appropriate corrective action.

157.    The sexual harassment altered Plaintiff's conditions of employment by creating an abusive working environment for her.

158.    Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard to Plaintiff's rights, entitling her to punitive damages.

159.    By reason of the continuous nature of Defendant Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's unlawful conduct, Plaintiff is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

160.    As a result of Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO CENTRAL SCHOOL DISTRICT's unlawful conduct, Plaintiff has suffered and will

continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

161.    Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, compensatory damages, punitive damages, and other appropriate relief. Attorneys' fees should be awarded under 42 U.S.C. § 2000e-5(k).

**AS AND FOR AN ELEVENTH CLAIM OF RELIEF
VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW,
NEW YORK STATE EXECUTIVE LAW 296, ET SEQ.
(Against Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO
CENTRAL SCHOOL DISTRICT)**

162.    Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

163.    Plaintiff was a female employee of FINKELSTEIN MEMORIAL LIBRARY, AND EAST RAMAPO CENTRAL SCHOOL DISTRICT.

164.    Defendants illegally discriminated against Plaintiff by creating a hostile work environment for Plaintiff based on her gender. The hostile work environment created by Defendants was sufficiently pervasive so as to detrimentally alter the terms, conditions and privileges of Plaintiff's employment than other employees because of her gender.

165.    Defendants further discriminated against Plaintiff based on her gender by subjecting her to materially different terms and conditions of employment than other employees because of her gender.

166.    As a result of Defendants FINKELSTEIN MEMORIAL LIBRARY, AND EAST RAMAPO CENTRAL SCHOOL DISTRICT's unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future

employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

167.    Plaintiff is entitled to all remedies available for violations of the New York State Human Rights Law, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

**AS AND FOR A TWELFTH CLAIM OF RELIEF
VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW—
GENDER DISCRIMINATION IN TERMS, CONDITIONS, AND
PRIVILEGES
(Against Defendants FINKELSTEIN MEMORIAL LIBRARY, and EAST RAMAPO
CENTRAL SCHOOL DISTRICT)**

168.    Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein

169.    Plaintiff was a former employee of FINKELSTEIN MEMORIAL LIBRARY, AND EAST RAMAPO CENTRAL SCHOOL DISTRICT.

170.    Defendants have subjected Plaintiff to discrimination in the terms, conditions, or privileges of employment in violation of the New York State Human Rights Law. Defendants have treated Plaintiff differently from and less preferably than similarly situated male employees.

171.    Plaintiff's sex has been a determining factor in Defendants' subjecting of Plaintiff to discrimination in the terms, conditions, or privileges of employment.

172.    By reason of the continuous nature of Defendants' discriminatory conduct, namely by failing to hire Plaintiff's decedent, SANDRA WILSON is entitled to the application of the continuing violation doctrine to the unlawful acts alleged herein.

173.    As a result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future

employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

174.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to all remedies available for violations of the New York State Human Rights Law, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and other appropriate relief.

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a.  Declaring that the acts and practices of defendants, complained of herein, to be violations of Title VII and NYSHRL;

b.  Declaring that the acts and practices of the individual defendant, complained of herein, violate the laws of the State of New York;

c.  Enjoining and permanently restraining these violations of law by the defendants;

d.  Directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

e.  Directing defendants to make plaintiff whole for all earnings and other benefits she would have received but for defendants' unlawful conduct, including but not limited to, future wages, other lost and future benefits, and interest thereon;

f.  Directing defendants to pay plaintiff compensatory damages, including damages for her mental anguish, denial of life's pleasures, pain and suffering and humiliation, death, liquidated damages, and interest thereon;

g.  Directing Defendants to compensate plaintiff for all monetary, economic, and emotional harm suffered by plaintiff;

h.  Awarding plaintiff the costs of this action together with reasonable attorney's fees;

i.   Directing Defendants to pay punitive damages and interest thereon; and

j.   Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 20, 2020
       New York, New York

                                        Respectfully submitted,

                                        MARK DAVID SHIRIAN P.C.

                                        By: _____
                                            Mark D. Shirian, Esq.
                                        228 East 45th Street, Suite 1700-B
                                        New York, NY 10017
                                        Telephone: (212) 931-6530
                                        Facsimile: (212) 898-0163
                                        Email: mshirian@shirianpc.com

                                        *Co-Counsel for Plaintiff*

                                        RUBENSTEIN & RYNECKI
                                        Sanford Rubenstein, Esq.
                                        16 Court Street
                                        Brooklyn, NY 11241
                                        Tel: (718) 522-1020

                                        *Co-Counsel for Plaintiffs*